# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD BUSH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MERCY HOSPITAL, et al.** | : | **NO. 14-5305** |

## MEMORANDUM

**JONES, J.**                                                                                                             **OCTOBER 6, 2014**

Plaintiff Gerald Bush brought this action, pursuant to 42 U.S.C. § 1983 and state law, against Mercy Hospital, (CTT) Community Treatment Team, Steven Esien, and Nathan Alen Apt. In a September 19, 2014 order, the Court granted plaintiff leave to proceed *in forma pauperis* and dismissed his complaint on the bases that the complaint failed to allege that the defendants were state actors for purposes of § 1983, and failed to establish a basis for diversity jurisdiction over plaintiff's state law claims. Plaintiff was given leave to file an amended complaint. Plaintiff subsequently filed a "response to court order," which the Court will construe as an amended complaint. For the following reasons, the Court will dismiss the amended complaint.

In his amended complaint, plaintiff alleges that his brother, Gregory Bush, suffers from mental illness. According to plaintiff, Gregory has a history of masturbating in public and/or in front of children, putting human waste in clothing, setting fires, failing to bathe himself, and acting violently. Plaintiff has had to involuntarily commit his brother several times. In that regard, the defendants had custody of Gregory and treated him for a period of time in connection with a 2011 order issued by the Mental Health Court. At some point, the defendants allegedly "wrongfully discharged" Gregory without warning plaintiff that Gregory "was a danger to

himself and others."[1] Plaintiff also alleges that the defendants refused to recommit Gregory. Plaintiff apparently allowed Gregory to reside with him. Unfortunately, Gregory set fire to plaintiff's home, causing nearly $23,000 in property damage. Plaintiff brought this lawsuit seeking compensation for the property damage caused by his brother and for emotional distress. In response to the Court's prior order, he alleges that the defendants are state actors for purposes of § 1983 because they are under contract with the Commonwealth of Pennsylvania to provide medical services to indigent citizens.

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Even assuming that the defendants are state actors for purposes of § 1983, plaintiff has not stated a claim. The Court understands plaintiff to be bringing a substantive due process claim, pursuant to § 1983, based on a "state-created danger" theory. "As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). There is, however, an exception, "where the state acts to *create* or *enhance* a danger that deprives the plaintiff of his or her Fourteenth Amendment right to

---

[1] The amended complaint alternatively suggests that Gregory may have escaped from the defendants' custody rather than having been released.

2

substantive due process."[2] *See Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013) (en banc). To establish a state-created danger claim, a plaintiff must plead that: "(1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Henry v. City of Erie*, 728 F.3d 275, 282 (3d Cir. 2013).

In *DeShaney*, employees of the local department of social services received reports that a three-year old boy, Joshua, was being abused by his father. At one point, the department of social services obtained a court order placing Joshua in temporary custody of a hospital where he was taken after having been admitted with multiple bruises and abrasions. However, the boy was ultimately returned to his abusive father. Despite repeated evidence of suspicious injuries, the department of social services failed to take action. The father eventually beat Joshua so badly that Joshua suffered permanent brain damage.

The Supreme Court held that the defendants' failure to protect Joshua from his father did not constitute a due process violation because, as noted above, the due process clause does not

---

[2] Another exception arises upon the existence of a "special relationship" between the individual and the state. *See Morrow v. Balaski*, 719 F.3d 160, 167-68 (3d Cir. 2013) (en banc). To the extent plaintiff seeks to establish a due process violation on a "special relationship" theory, he has no claim. Such a theory depends upon the existence of a custodial relationship between plaintiff and the defendants. *See id.*; *Sanford v. Stiles*, 456 F.3d 298, 304 n.4 (3d Cir. 2006). Although plaintiff's brother might have been in state custody for a period of time, plaintiff had no special relationship with the state that would justify liability under this theory. In any event, at the time of the incident giving rise to plaintiff's claims, neither plaintiff nor his brother was in a custodial relationship with the state. *See DeShaney*, 489 U.S. at 201.

generally require a state to protect an individual from private violence. *DeShaney*, 489 U.S. at 197. The Court explained that:

> While the State may have been aware of the dangers that Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them. That the State once took temporary custody of Joshua does not alter the analysis, for when it returned him to his father's custody, it placed him in no worse position than that in which he would have been had it not acted at all; the State does not become the permanent guarantor of an individual's safety by having once offered him shelter. Under these circumstances, the State had no constitutional duty to protect Joshua.

*Id.* at 201.

As in *DeShaney*, the defendants in this case did not create the danger of which plaintiff complains. Instead, the damage to his home and his emotional distress were caused by his brother's long-standing mental illness. The complaint reflects that Gregory has been suffering from mental illness for years, that he was known to be violent and cause property damage, and that plaintiff has had difficulty controlling Gregory, in that he had to involuntarily commit his brother several times. That the defendants took custody of Gregory for a period of time, in an apparent effort to treat or stabilize him, does not, as in *DeShaney*, render them liable for harm caused by Gregory in the event of a relapse or an outburst upon his release. Although plaintiff's situation is unfortunate, the facts alleged in his amended complaint simply do not give rise to a plausible constitutional claim.

Although plaintiff may have claims under state law, there is no independent basis for the Court's jurisdiction over those claims. As noted in the Court's earlier order, the only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, the amended complaint indicates that the parties are not completely diverse.

For the foregoing reasons, the Court will dismiss plaintiff's federal claims for failure to state a claim and his state claims for lack of subject matter jurisdiction. The dismissal is without prejudice to plaintiff refiling his case in state court. Plaintiff will not be given leave to file a second amended complaint in this action, because further attempts at amendment would be futile. An appropriate order follows, which shall be docketed separately.

_____